UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 06 2011

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LLOYD J. THOMPSON, | * | CIV. 10-4130 |
| Plaintiff, | * | |
| vs. | * | ORDER ON MOTIONS |
| KEITH DITMANSON, Unit Manager; DR. REGIER, Medical Doctor for Dept. of Health at SDSP; JESS OAKLEY, PA, Physician Assistant for Dept. of Health at SDSP; JULIE SPURRELL, Clinical Director of Dept. of Health for SDSP; JEANINE SYVERSON, Head RN at SDSP; all in their official and unofficial capacities, and CBM, Inc. | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending are the following motions: Plaintiff's [third] Motion to Appoint Counsel (Doc. 64); Plaintiff's [second] Motion to Amend/Correct (Doc. 65); and Plaintiff's Motion for Professional Expert Witness (Doc. 69).

## BACKGROUND

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on September 9, 2010. Doc. 1. Judge Lange referred the case to the Magistrate Judge for handling pursuant to 28 U.S.C. § 636(b). Plaintiff's allegations have been construed as alleging deliberate indifference to his serious medical need (diabetes) in various ways. *See* Doc. 36. Plaintiff was recently allowed to amend his Complaint to add CBM, Inc. as a party Defendant. In addition to the above-referenced pending motions, Plaintiff has filed a motion requesting preliminary injunctive relief which will be addressed in a separate Report and Recommendation. Pursuant to the court's scheduling order, the Defendants have filed a motion for summary judgment. The Plaintiff has not yet filed a response to the Defendants' motion for summary judgment.

## DISCUSSION

1. **[Third] Motion for Appointment of Counsel (Doc. 64)**

Plaintiff's two previous motions for appointment of counsel have been denied. *See* Doc. 36 and Doc. 40. Plaintiff's most recent motion for appointment of counsel does not state any new reason why counsel should be appointed for him, other than he "has tried to settle but Mr. Moore did not respond to [his] suggestion." Plaintiff's motion for appointment of counsel will be DENIED for the reasons already explained in the Court's two previous orders.

2. **[Second] Motion to Amend/Correct (Doc. 65)**

Plaintiff moves to amend his Complaint to "specify" that he wishes to add CBM, Inc, address unknown, Marlin C. Sejnoha, owner in his official and unofficial capacity, as the defendant to be added to the lawsuit. This motion was made on March 31, only a few days after the March 28 Order granting Plaintiff's motion to add CBM to this lawsuit. Plaintiff successfully executed service of the Amended Complaint upon CBM on April 4, 2011. *See* Doc. 67.

In the March 28 Order (Doc. 60), this Court explained why, broadly construed, Plaintiff's allegations were sufficient to add CBM, Inc. as a party Defendant to this lawsuit. It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

An amended prisoner complaint is subject to the rigors of the initial PRLA screening process. *Lowe v. Carlson*, 2008 WL 2699727 (D. Minn). To be allowed, the proposed amendment must "assert facts that affirmatively and plausibly suggest" Plaintiff is entitled to relief. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Plaintiff has offered no facts to support his motion to add Marlin Sejnoha, Jr. to the lawsuit. Plaintiff's [second] Motion to Amend/Correct will be DENIED.

### 3. Motion for Professional Expert Witness (Doc. 69)

On May 5, 2011, Plaintiff filed a motion entitled "Motion for Professional Expert Witness." The motion consists of one sentence which requests the Court to appoint an independent dietician to provide expert testimony on Plaintiff's behalf.

Plaintiff does not cite authority for his motion to appoint an expert. Plaintiff's *in forma pauperis* status under 28 U.S.C. §1915 does "not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *accord United States Marshals Service v. Means*, 741 F.2d 1053, 1056-57 (8th Cir. 1984).

Fed. R. Civ. P. 706 provides in relevant part:

**Rule 706. Court Appointed Experts**
**(a) Appointment.** The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations . The court may appoint an expert witness agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to the act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have the opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness .
**(b) Compensation.** Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow. The compensation thus fixed is payable from funds which may be provided by law in criminal cases and civil actions and proceedings involving just compensation under the fifth amendment. In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.

The Courts have construed Rule 706 to authorize the appointment of an expert to aid the Court, but not to specifically provide support for the views or theories espoused by the plaintiff or defendant. "[R]easonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties. Rather, the principle purpose of a court appointed expert is to assist the trier of fact, not to serve as an advocate." *Warren v. Dept. of Corrections*, 2011 WL 308615 (W.D. Wash.) (citations omitted).

"The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." 29 CHARLES ALLEN WRIGHT & VICTOR JAMES GOLD, *Federal Practice and Procedure: Evidence § 6304* (1997). The question, then, is whether there are issues in this case which are so complex that an expert is required to assist the Court or the jury to understand them.

Plaintiff has alleged he does not receive a nutritionally sufficient diet and that the diet he receives at the SDSP is unsatisfactory for his diabetic medical needs. Plaintiff has failed to articulate, however, what it is about his claim that is "complex or esoteric" so that it cannot be understood without the assistance of an expert dietician. Plaintiff's motion for appointment of an expert will be DENIED without prejudice.

## CONCLUSION and ORDER

For the reasons discussed above, it is hereby ORDERED:

(1) Plaintiff's [Third] Motion for Appointment of Counsel is DENIED without prejudice;

(2) Plaintiff's [Second] Motion to Amend/Correct is DENIED;

(3) Plaintiff's Motion for Professional Expert Witness is DENIED without prejudice.

Dated this _6_ day of June, 2011.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge